UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHIRLEY APPELL, individually and as heir at law and the representative of the Estate of Shawn Appell,<br>    PLAINTIFF<br><br>v.<br><br>DONNY STEWART, SCOTTIE SCOGGINS in their individual capacities, SHERIFF BILL BLACKBURN, in his individual and official capacities, and LLANO COUNTY.<br>    DEFENDANTS | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:12-cv-1027 |

**COMPLAINT**

Plaintiff Shirley Appell brings this lawsuit against Defendants after her beloved son, Shawn Appell, a U.S. Air Force veteran, died in Defendant Llano County's custody. Defendants allowed Shawn to kill himself when they did not intervene while he beat his head against a cell wall for two days. He died of blunt force trauma to his head.

STATEMENT OF CLAIMS

1.   Mrs. Shirely Appell, as the mother of Shawn Appell, who died in Llano County jail because of Defendants' violations of his statutory and constitutional rights, and as a statutory beneficiary of the Texas Wrongful Death Act, seeking monetary relief.

2.   Defendants Donny Stewart and Scottie Scoggins are liable for the deprivation of Shawn's constitutional rights under color of law and in violation of his Fourteenth Amendment right to protection against self harm under 42 U.S.C. § 1983 ("Section 1983").

3.   Sheriff Bill Blackburn is liable in his individual and official capacities when he, though aware that Shawn Appell was slowly killing himself, deliberately chose to do nothing, denying him of his right to protection against self-harm.

4. Llano County is liable for the deprivation of Shawn's rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Rehabilitation Act"), which requires public facilities, like the jail, to reasonably accommodate for people with mental disabilities. Likewise, Llano County is liable because its policy, practice, and custom of denying medical care to people with disabilities resulted in Shawn's unfortunate death.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), §1343 (civil rights), and §2201 (Declaratory Judgment Act). This Court has supplemental jurisdiction to consider Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 24 U.S.C. §1391(b), as the events complained of occurred in this district and division.

## PARTIES

7. Mrs. Shirley Appell, as Shawn Appell's mother, is the sole heir-at-law to his estate. At the time of his death, Shawn had no surviving spouse or children. There were no probate proceedings arising from his death because none were necessary.

8. At all relevant times, Donny Stewart was the Jail Administrator of the Llano County Jail. He was responsible for Shawn's safekeeping and care. He was acting under color of law. He was in the jail while Shawn was slowly killing himself, was aware of it, and deliberately did nothing to stop him. He is sued for damages in his individual capacity. Stewart may be served at the Llano County Jail, 2001 N State Highway 16, Llano, TX 78643. *Service is requested.*

9. At all relevant times, Scottie Scoggins was a sergeant at the Llano County Jail. He was responsible for Shawn's safekeeping and care. He was acting under color of law. He was in the jail while Shawn slowly killed himself, was aware of it, and deliberately did nothing to stop

him.  He is sued for damages in his individual capacity.  Scoggins may be served at the Llano County Jail, 2001 N State Highway 16, Llano, TX 78643.  *Service is requested.*

10.  At all relevant times, Bill Blackburn was Sheriff of Llano County, and ultimately responsible for the jail.  He was responsible for Shawn's safekeeping and care.  He was acting under color of law.  He was in the jail while Shawn was slowly killing himself, was aware of it, and deliberately did nothing to stop him.  When he made this decision, he made it as chief executive of law enforcement in Llano County and final policymaker.  He is sued for damages in his individual and official capacity. Blackburn may be served at the Llano County Jail, 2001 N State Highway 16, Llano, TX 78643.  *Service is requested.*

11.  Llano County is a political subdivision of the State of Texas.  The County funds and operates the jail, employs and compensates the jail staff, and is charged with ensuring that, at all times, the jail remains in compliance with federal and state law.  The County is a recipient of federal funds.  The County may be served by serving process on Wayne Brascom, 801 Ford Street, Room 101, Llano, TX 78643.  *Service is requested.*

## STATEMENT OF FACTS

12.  Shawn Appell died from blunt force trauma after Llano County jail staff deliberately permitted him to beat his head against a cell wall for days.

13.  Shawn was a U.S. Air Force veteran.  He served from 1984 to 1988, learning to be a mechanic.  After an honorable discharge, he made a living repairing airplanes and oil rigs.

14. Like many veterans, he suffered from a mental illness.  Shawn suffered from schizophrenia for years prior to his death.  Schizophrenia is a mental illness that causes problems sleeping, bizarre movements, delusions, hallucinations, disordered thinking, and suicidal thoughts or behaviors.  Schizophrenia is a mental impairment that substantially limited Shawn's major life activities, and ultimately caused him to kill himself.

3

15. Shawn had been in jail since April 22, 2011, charged with driving his car into a residential garage door. Between April 2011 and August 2011, the jail administered anti-psychotic medications to him.

16. Before Shawn's arrival at the jail, Llano County was on notice that its policies and practices for preventing inmates' self-injury were inadequate. On May 10, 2009, inmate John Jensen hanged himself in a shower stall. Defendants Blackburn, Stewart and Scoggins held the same positions running the jail when Jenson killed him as they did at the time of Shawn's death.

17. On August 5, 2011, Shawn was taken from the Llano County Jail to Scott & White Hospital in Llano. He was treated for a laceration to the forehead. Medical records note he caused the injury while beating his head against the wall of his jail cell.

18. Hospital staff recognized Shawn suffered from schizophrenia. Suffering from delusions, he reported to them: "Jesus beat the shit out of me. I got demons in my head."

19. The hospital reported those findings to the Llano County Sheriff's Department, making the Department aware Shawn was injuring his head due to his mental illness. Shawn was discharged into the custody of deputies to be returned to the jail and held only until he could be transported to a state psychiatric hospital.

20. After deputies returned Shawn to a cell, he resumed beating his head against the wall. Both inmates and jail staff, including Defendants Stewart and Scoggins, knew Shawn was seriously injuring himself. The Llano County Jail is small (its maximum capacity is only 54 prisoners). The noise reverberated through the building.

21. Stewart and Scoggins were on duty during the period Shawn was slowly killing himself, but deliberately took no action to help him even though they could hear him banging his head against the wall.

22. On information and belief, Sheriff Blackburn was also aware Shawn was

endangering himself, but deliberately took no action to help him.

23. Defendants had the means and opportunity to stop Shawn from hurting himself. They could have done many simple things – such as putting him in a helmet, restraining him, or simply taking him back to the hospital. Instead, they deliberately ignored him and denied him reasonable accommodations for his disability.

24. Shawn died late the following day. The autopsy report shows the cause of death as blunt trauma to the head. He had dark bruising from his forehead down to his cheekbones.

### CAUSE OF ACTION I - ADA AND REHABILITATION ACT
### (AS TO DEFENDANT LLANO COUNTY)

25. Llano County has been, and is, a recipient of federal funds. The Rehabilitation Act requires recipients of federal funds to reasonably accommodate persons with mental disabilities in their facilities, program activities, and services and reasonably modify such facilities, services and programs to accomplish this purpose. 29 U.S.C. §794.

26. Further, Title II of the ADA applies to Llano County and has the same mandate as the Rehabilitation Act. 42 U.S.C. §12131 *et seq.*

27. The Llano County Jail is a facility, and its operation comprises a program and service, for purposes of the Rehabilitation Act and ADA.

28. For purposes of the ADA and Rehabilitation Act, Shawn was a qualified individual regarded as having a mental impairment that substantially limited one or more of his major life activities.

29. Llano County knew Shawn suffered from schizophrenia, was being treated with psychiatric medications, and experienced hallucinations in the jail.

30. Jail staff knew for hours that Shawn was beating his head against the wall. They deliberately did nothing to stop him.

31. Llano County deliberately refused to reasonably accommodate Shawn's mental

disability while in custody, in violation of the ADA and Rehabilitation Act. That intentional failure killed him.

32. Llano County refused to reasonably modify its facilities, services, accommodations, and programs to reasonably accommodate Shawn's mental disability in violation of the ADA and Rehabilitation Act. That failure killed him.

33. Shawn died because of Llano County's intentional discrimination against him. Plaintiff is entitled to the maximum amount of compensatory damages allowed by law.

### CAUSE OF ACTION II – FOURTEENTH AMENDMENT
### (AS TO DEFENDANTS BLACKBURN, STEWART AND SCOGGINS IN THEIR INDIVIDUAL CAPACITIES, AND LLANO COUNTY)

34. Defendants Blackburn, Stewart and Scoggins, acting under color of law, intentionally and with conscious, callous and deliberate indifference to Shawn's constitutional rights, deprived him of his Fourteenth Amendment right to protection against self-harm while in protective custody.

35. Shawn died because of Defendants' deliberate indifference. Blackburn, Stewart and Scoggins knew Shawn was injuring himself, but took no action to help him.

36. Sheriff Blackburn is the final policymaker for law enforcement in Llano County. His refusal to help Shawn became Llano County policy, making it liable for Shawn's death.

### DAMAGES

37. Plaintiff is entitled to compensatory, punitive, presumed, and nominal damages against Defendants in the maximum amounts allowed by law.

38. The actions and omissions of Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Mrs. Appell and were the moving force of the wrongful death of Shawn Appell. Mrs. Appell asserts claims under 42 U.S.C. §1983 and the wrongful death and survivorship statutes.

39. More particularly, Mrs. Appell, in her capacity as sole heir-at-law to the Estate of Shawn Appell, asserts a survival claim on behalf of the estate, which has incurred damages including, but not limited to, the following:

    a. past physical pain and suffering;

    b. past mental anguish;

    c. funeral and/or burial expenses; and

    d. attorneys' fees and costs, pursuant to 42 U.S.C. §1988, 29 U.S.C. §794a(b), and 42 U.S.C. §12205, or as otherwise allowed by law.

40. Mrs. Appell, in her individual capacity, asserting wrongful death claims, has incurred damages including, but not limited to:

    a. past and future mental anguish;

    b. past and future loss of companionship, society, services, and affection of Shawn Appell; and,

    c. attorneys' fees and costs pursuant to 42 U.S.C. §1988, 29 U.S.C. §794a(b), and 42 U.S.C. §12205, or as otherwise allowed by law.

## ATTORNEYS' FEES AND COSTS

41. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to recover attorneys' fees and costs from Defendants. Plaintiff also requests attorneys' fees, costs, and expenses against Llano County for her ADA and Rehabilitation Act claims, pursuant to 42 U.S.C. §12205 and 29 U.S.C. §794a(b).

## PRAYER FOR RELIEF

THEREFORE, Plaintiff requests that the Court:

A. Award compensatory and nominal damages against Defendants through the Fourteenth Amendment, Section 1983, the ADA, and Rehabilitation Act, as appropriate;

B. Award punitive damages against individual Defendants under Section 1983;

    C.   Find that Plaintiff is the prevailing party in this case and award her attorneys' fees, court costs, expert costs, and litigation expenses; and,

    D.   Grant other relief to which Plaintiff may be entitled.

Dated: November 8, 2012.

                                            Respectfully Submitted,

                                            /s/ Brian McGiverin
                                            Brian McGiverin
                                            Texas Bar No. 24067760
                                            Michelle Smith
                                            Texas Bar No. 24071265
                                            Scott Medlock
                                            Texas Bar No. 24044783
                                            James C. Harrington
                                            Texas Bar No. 09048500

                                            TEXAS CIVIL RIGHTS PROJECT
                                            1405 Montopolis Drive
                                            Austin, TX 78741
                                            Tel. (512) 474-5073
                                            Fax (512) 474-0726

                                            ATTORNEYS FOR PLAINTIFF